IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Allen Johnson, #151706, | ) | C.A. No. 8:05-3522-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| E. Richard Bazzle, Warden of the Perry Correctional Institution; and Henry McMaster, Attorney General for South Carolina, | ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

This matter is before the court on this *pro se* petition filed pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in the South Carolina Department of Corrections pursuant to orders of confinement issued by the Greenville County Court of General Sessions.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On January 23, 2006, the Magistrate Judge issued a Report recommending the dismissal of this Petition as it is time-barred and because Petitioner has procedurally defaulted his claims by failing to pursue them in the South Carolina state court system. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on February 6, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order to the extent the Report recommends dismissal of this Petition as time-barred.

Petitioner's objections are without merit. This Petition, filed nearly six (6) years after Petitioner's convictions became final, is untimely under the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA). Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). Petitioner seeks to excuse the lateness of his Petition by arguing that the "failure to present [the claims] timely was not his fault."

This Petition is untimely. This matter is dismissed without prejudice and without issuance and service of process. Petitioner's request for an evidentiary hearing, contained in his Objections, is **denied**.

**IT IS SO ORDERED**.

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 13, 2006